UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| MICHAEL VIRDEN, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | Criminal No. 09-10325-LTS |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) ) | |

ORDER ON MOTION TO CORRECT SENTENCE (DOC. NO. 153)

February 3, 2017

SOROKIN, J.

Michael Virden, a federal prisoner, has filed a counseled motion seeking correction of his sentence pursuant to 28 U.S.C. § 2255 and Johnson v. United States, 135 S. Ct. 2551 (2015). Doc. No. 153. The motion is fully briefed, including supplemental submissions from both parties on new legal developments that have unfolded while the matter has been pending, and the parties appeared for a conference to address issues related to the motion on January 25, 2017. For the reasons that follow, Virden's motion is ALLOWED, and resentencing is required, as he no longer is an armed career criminal.

I.  BACKGROUND

On June 21, 2010, following a jury trial, Virden was convicted of possessing a firearm in violation of 18 U.S.C. § 922(g)(1).[1] Doc. No. 51. He was sentenced on September 21, 2010, to

---

[1] Further exposition of the facts underlying the conviction is not necessary to resolve the issues presently raised. A summary of those facts can be found in the Court's Amended Report and Recommendation addressing Virden's first § 2255 motion. Doc. 116 at 1-5.

fifteen years in prison, the mandatory minimum sentence for the offense under the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e). Virden lodged objections to his status as an armed career criminal before his sentencing – including that Massachusetts state criminal convictions for assault and battery with a dangerous weapon ("ABDW"), and "guilty filed" charges in Massachusetts state court, do not qualify as predicate offenses for ACCA purposes. The Court (Tauro, J.) did not specifically rule on those objections, and sentenced Virden as an armed career criminal. Virden did not repeat his objections to the ACCA predicates in his direct appeal.

Six months after the First Circuit affirmed Virden's conviction and sentence, Virden filed a timely pro se motion pursuant to § 2255.[2] Doc. No. 107. That motion was denied.[3] Doc. Nos. 116, 119.

On January 7, 2016, the First Circuit granted Virden permission to file a second or successive motion under § 2255 based on Johnson, which provided a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Doc. No. 142 (quoting 28 U.S.C. § 2255(h)(2)). In his second § 2255 motion,[4] Virden contends he is no longer an armed career criminal, because he does not have three prior convictions that qualify as predicates under the ACCA.[5] See generally Doc. No. 153. The

---

[2] The First Circuit affirmed on June 1, 2012. Doc. No. 105. Virden did not seek certiorari in the United States Supreme Court. He filed his first § 2255 motion in January 2013. Doc. No. 107.
[3] The undersigned, then the Chief Magistrate Judge in this District, issued a Report and Recommendations related to the first motion in July 2013, Doc. No. 116, which Judge Tauro adopted over Virden's objection in August 2013, Doc. No. 119.
[4] Virden is represented by counsel for purposes of his second § 2255 motion.
[5] At the time of his original sentencing, the government cited seven prior offenses as ACCA predicates: one charge of possession of a Class B substance with intent to distribute; two charges of larceny from the person; two charges of resisting arrest; and two charges of ABDW, one of which had a "guilty filed" disposition. Doc. No. 162 at 2.

2

government has ceased to rely on several of Virden's prior convictions, conceding they no longer qualify as ACCA predicates. Doc. No. 181 (explicitly disavowing reliance on resisting arrest as an ACCA predicate); see also Doc. No. 162 at 3 n.4 (invoking procedural default argument only as to ABDW charges, and not as to prior convictions for assault and battery, resisting arrest, or larceny from the person); Doc. No. 153 at 18 (citing government's concession in previous case that larceny from the person is not a violent felony). And, Virden concedes, at least implicitly, that his prior conviction in Massachusetts state court for possession of a Class B substance with intent to distribute does qualify as an ACCA predicate. See Doc. No. 153 at 3 (attacking all other predicates); see also 18 U.S.C. § 924(e)(1) & (2)(A) (classifying "serous drug offense[s]" as ACCA predicates and defining that term).

Virden's motion, then, is reduced to two issues: 1) whether ABDW constitutes a violent felony and, thus, an ACCA predicate post-Johnson; and 2) whether a "guilty filed" charge in Massachusetts can constitute a conviction and, thus, an ACCA predicate. See generally Doc. No. 178. If either question is considered on its merits and resolved in Virden's favor, his second § 2255 motion must be allowed.

The government opposes Virden's motion, first urging the Court to part ways with every other District Judge in this jurisdiction to have considered the issue by rejecting Virden's claims as procedurally defaulted, and also arguing that ABDW categorically is a violent felony that qualifies as a predicate offense under the ACCA's force clause. Doc. No. 162. I disagree with the government on both counts.

II.   DISCUSSION

   A. Relevant Legal Standards

Post-conviction relief pursuant to § 2255 is an extraordinary remedy, available only to a defendant who makes "a sufficient showing of fundamental unfairness." Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994). Federal habeas relief is available to Virden only if his sentence was imposed in violation of the Constitution or laws of the United States, was imposed by a court which lacked jurisdiction over the criminal charge, exceeded the maximum penalty authorized by law, or otherwise is subject to collateral attack. See David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (describing limited nature of § 2255 relief). Virden bears the burden of establishing that he is entitled to relief.[6] Id.

If a federal prisoner fails to preserve an attack on his sentence by presenting it to the trial court and pursuing it on direct appeal, he risks dismissal of the claim in a subsequent § 2255 proceeding for procedural default. See Bucci v. United States, 662 F.3d 18, 29 (1st Cir. 2011). When a claim has been procedurally defaulted, a prisoner may pursue it on collateral review only if he demonstrates cause for the default and actual prejudice flowing therefrom, or if he establishes that failure to address the claim on its merits would result in a miscarriage of justice. Bousley v. United States, 523 U.S. 614, 622 (1998); Murray v. Carrier, 477 U.S. 478, 495 (1986).

---

[6] A prisoner who wishes to challenge his sentence under § 2255 must do so within a one-year limitation period. § 2255(f). Here, that period ran from "the date on which the right asserted was initially recognized by the Supreme Court." § 2255(f)(3); see Welch v. United States, 136 S. Ct. 1257 (2016) (holding "Johnson announced a substantive rule that has retroactive effect in cases on collateral review"). Virden filed his second § 2255 motion on June 19, 2016 – within one year of the Supreme Court's June 26, 2015 decision in Johnson.

Under the ACCA, a defendant convicted of being a felon in possession of a firearm is an "armed career criminal" and, as a result, faces a mandatory minimum sentence of fifteen years in prison if he has three prior convictions, each "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1); see also Johnson, 135 S. Ct. at 2555. When Virden was sentenced, a "violent felony" was defined as:

> Any crime punishable by imprisonment for a term exceeding one year . . . that –
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

18 U.S.C. § 924(e)(2)(B) (italics added). The first subsection of this definition often is referred to as the "force clause," and the italicized portion of the second subsection is known as the "residual clause." United States v. Holloway, 630 F.3d 252, 256 (1st Cir. 2011). The Supreme Court held in Johnson that the residual clause was unconstitutionally vague. 135 S. Ct. at 2557. Virden's motion arises because most of his prior convictions, under the law of this Circuit, qualified as ACCA predicates under the residual clause, but do not so qualify under the force clause.

B. Procedural Default

The government urges the Court to dismiss Virden's claims without reaching their merits, based on the doctrine of procedural default, due to Virden's failure to pursue them in his direct appeal. Despite having advanced this same attack in a number of other cases in this District in which defendants have sought to present similar Johnson claims in § 2255 motions, the government has yet to persuade a single session of this Court to reject such a claim without considering its merits. To date, as far as this Court is aware, every other District Judge in Massachusetts to have considered such a case has either found cause for the default, miscarriage of justice, or has tacitly rejected the procedural default challenge by proceeding directly to the

merits of the underlying claim. See Cruz v. United States, No. 09-cr-10104, ECF No. 57 at 4-5 (D. Mass. Jan. 26, 2017) (Zobel, J.) (finding cause and prejudice); United States v. Ford, No. 05-cr-10326, ECF No. 114 at 3, 8-11 (D. Mass. Nov. 16, 2016) (Saylor, J.) (finding cause and prejudice, and miscarriage of justice); United States v. Webb, No. 01-cr-10267, 2016 WL 6647929, at *4 (D. Mass. Nov. 9, 2016) (Young, J.) (finding cause, but concluding that the defendant would not prevail on the merits and, therefore, had not shown prejudice); United States v. Vasquez, No. 12-cr-40010, ECF No. 143 at 1-3 (D. Mass. Sept. 26, 2016) (Hillman, J.) (granting relief without addressing procedural default argument raised in ECF No. 141, pp. 16-26); United States v. Aponte, No. 11-cr-30018, 2016 WL 5338505, at *1 (D. Mass. Sept. 22, 2016) (Ponsor, J.) (finding cause and prejudice); United States v. Rivera, No. 12-cr-10383, ECF Nos. 80, 86 (D. Mass. Sept. 13, 2016) (Stearns, J.) (scheduling resentencing without addressing procedural default argument raised in ECF No. 75, pp. 5-12); United States v. Turner, No. 03-cr-10166, ECF No. 218 at 9-12 (D. Mass. Apr. 27, 2016) (Saris, C.J.) (finding miscarriage of justice); see also Craig v. United States, 01-cr-00003, 2016 WL 5874965, at *3 (D. Me. Oct. 7, 2016) (finding cause and prejudice). I will not depart from the course my colleagues unanimously have set.

Several of my colleagues have analyzed the issue of cause in this context in detail and concluded that Johnson created a "monumental shift" in the law, explicitly overruled Supreme Court precedent as it existed at the time of Virden's sentencing and, thus, generated a "novel" claim and supplied cause for any procedural default under Reed v. Ross, 468 U.S. 1 (1984). E.g., Webb, 2016 WL 6647929, at *3-*6; United States v. Overka, No. 08-cr-10265, ECF No. 30 (D. Mass. Oct. 21, 2016). I accept and adopt their reasoning, which applies with equal force in this case. Thus, I conclude Virden has established cause for his procedural default.

6

For the reasons discussed in the next section, I also find that Virden has established "a reasonable probability that" his sentence "would have been different but for the alleged error," thus demonstrating prejudice. Wilder v. United States, 806 F.3d 653, 658 (1st Cir. 2015). Put simply, without the residual clause in play, Virden's ABDW conviction[7] likely would not have constituted a predicate offense that subjected him to the ACCA's fifteen-year mandatory minimum sentence.

And, finally, I find that subjecting a prisoner to five years of incarceration beyond the maximum sentence permitted by law based on his improper classification as an armed career criminal would be the very definition of a miscarriage of justice. See United States v. Duval, 957 F. Supp. 2d 100, 114-15 (D. Mass. 2013) (concluding that "where a predicate offense is improperly classified as a 'violent felony' under the ACCA because of an intervening change in law which created a novel claim, 'cause and prejudice must yield to the imperative of correcting a fundamentally unjust incarceration'" (quoting Murray, 477 U.S. at 495)).

Accordingly, Virden's procedural default is excused.

C. ABDW

In Massachusetts, a person who "commits an assault and battery upon another by means of a dangerous weapon" has committed ABDW and can be sentenced to a term of imprisonment of up to ten years. Mass. Gen. Laws ch. 265, § 15A(b). State common law defines the elements of an assault and battery and, in turn, of ABDW. United States v. Tavares, 843 F.3d 1, 12 (1st Cir. 2016). According to the Supreme Judicial Court, Massachusetts recognizes two forms of assault and battery: "the intentional and unjustified use of force upon the person of another,

---

[7] Or "convictions," plural, if the "guilty filed" disposition is considered a conviction for these purposes. See note 12, infra.

however slight," and "the intentional commission of a wanton or reckless act (something more than gross negligence) causing physical or bodily injury to another." Commonwealth v. Burno, 487 N.E.2d 1366, 1368-69 (Mass. 1986) (citations and quotations omitted); accord Tavares, 843 F.3d at 12. For purposes of this decision, I will refer to the first form of the offense as "Intentional ABDW," and the second form as "Reckless ABDW." See Tavares, 843 F.3d at 18.

The First Circuit recently analyzed whether ABDW constitutes a crime of violence.[8] Id. at 12-20. In Tavares, the First Circuit held that Intentional ABDW is a crime of violence, id. at 13, but that ABDW is divisible in that it "list[s] elements in the alternative, and thereby define[s] multiple crimes," id. at 14, 18 (quoting Mathis v. United States, 136 S. Ct. 2243, 2249 (2016) (alterations in original)). The Court opted not to decide whether Reckless ABDW also is a crime of violence, remanding instead so that the government could supplement the record with documents pursuant to Shepard v. United States, 544 U.S. 13, 26 (2005), to establish which version of ABDW was implicated there.[9]

This case requires me to answer the question the First Circuit left open in Tavares. The government has not produced Shepard documents here in order to establish which version of ABDW was proven in Virden's prior state cases.[10] If Reckless ABDW also is a violent felony,

---

[8] Although Tavares involved the career offender provision of the United States Sentencing Guidelines, the First Circuit has instructed elsewhere that the provisions defining "violent felony" for ACCA purposes and "crime of violence" for Guidelines purposes are "nearly identical," and that "decisions construing one term inform the construction of the other." Damon v. United States, 732 F.3d 1, 2 n.2 (1st Cir. 2013).

[9] It appears the government promptly offered Shepard documents suggesting Tavares had been convicted of Intentional ABDW, rendering resolution of the question left open by the First Circuit unnecessary in that case. See United States v. Tavares, No. 13-cr-10296, ECF No. 117 (D. Mass. Dec. 9, 2016) (submitting plea colloquy containing facts supporting ABDW conviction).

[10] If the government has, or is able to obtain, Shepard documents for the relevant state charges, it may bring them to the Court's attention via an appropriate motion in advance of resentencing.

then ABDW is an ACCA predicate regardless of which version formed the basis for the relevant state conviction, and Shepard documents are unnecessary. If, however, Reckless ABDW is not a violent felony, then the absence of Shepard documents will mean the government cannot establish that the conviction amounts to a predicate offense for ACCA purposes. See Cruz, ECF No. 57 at 6-7 & n.6 (rejecting government's argument that the prisoner bears the burden of proving the offense was not violent, and finding the government retains its obligation to produce Shepard documents); Turner, ECF No. 218 at 5-9 (same).

After careful consideration of this difficult question that arises in a particularly muddy jurisprudential landscape, see Ford, ECF No. 114 at 4 (noting that the law in this area is "a mess" and contains "language supporting both sides on almost every issue, sometimes from the same appellate courts and even the same appellate judges"); see also Tavares, 843 F.3d at 19 (describing "a Rube Goldberg jurisprudence of abstractions piled on top of one another in a manner that renders doubtful anyone's confidence in predicting what will pop out at the end"), I find that the law as presently articulated by the Supreme Court and the First Circuit dictates that Reckless ABDW is not a violent felony.[11] In so concluding, I adopt the careful and persuasive reasoning set forth by Judge Zobel in a case presenting the same question and decided only last week. See Cruz, ECF No. 57 at 7-11 (analyzing the effect and interaction of United States v. Fish, 758 F.3d 1 (1st Cir. 2014), Voisine v. United States, 136 S. Ct. 2272 (2016), and Leocal v. Ashcroft, 543 U.S. 1 (2004)).

---

[11] I also join the chorus of District Judges requesting further guidance from those empowered to provide it. E.g., United States v. Windley, No. 14-cr-10197, ECF No. 119 at 4-6 (D. Mass. July 6, 2016) (Saris, C.J.) (inviting government to appeal because "it's time for the First Circuit to just decide this issue").

Here, absent <u>Shepard</u> documents establishing Virden was convicted of Intentional ABDW, Virden is not an armed career criminal subject to the fifteen-year mandatory minimum sentence he currently is serving.[12]

III. <u>CONCLUSION</u>

Accordingly, Virden's motion to correct sentence (Doc. No. 153) is ALLOWED. Resentencing in this matter will occur on February 28, 2017 at 9:30 AM. Virden will appear by videoconference from FCI Berlin, unless his presence in person is specifically requested and necessary. His appearance by videoconference will not limit the available sentencing options. Probation will prepare the standard "<u>Johnson</u> update" to the PSR and circulate it to the parties in advance of resentencing. The parties' sentencing submissions are due by Friday, February 24, 2017.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[12] My resolution of this question in Virden's favor means I need not decide the second complicated question presented by his motion: whether a "guilty filed" charge in Massachusetts can be considered a predicate conviction for ACCA purposes. See <u>Griffiths v. Immigration & Naturalization Serv.</u>, 243 F.3d 45, 52-53 (1st Cir. 2001) (finding that Massachusetts law does not treat a "guilty filed" charge as a "final judgment" or a "formal judgment of guilt," so it does not constitute a "conviction" for purposes of immigration statute); <u>United States v. Carey</u>, 716 F. Supp. 2d 56, 59, 66 (D. Me. 2010) (noting that "convictions" for ACCA purposes are determined in accordance with state law, and concluding that "the commonwealth of Massachusetts does not consider guilty-filed dispositions to be convictions").